UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
UNITED STATES OF AMERICA,           :
                                                          :         88 cr 928 (KMW)
                   Plaintiff,                     :
        v.                                            :
                                                          :
                                                          :
ATINUKE ADETOLA,                          :
                                                          :
                   Defendant.                 :
------------------------------------------------------------X


## ATINUKE ADETOLA
## SENTENCING MEMORANDUM


                                        Jason E. Foy (JF5839)
                                        FOY & SEPLOWITZ, LLC
                                        105 Main Street
                                        Hackensack, New Jersey 07601
                                        (201) 457-0071

                                        Attorney for Atinuke Adetola

Dated: June 3, 2019

1

## **PRELIMINARY STATEMENT**

This memorandum is respectfully submitted on behalf of the defendant, Atinuke Adetola (hereinafter, "Mrs. Adetola"). Mrs. Adetola is scheduled to be sentenced on June 17, 2019. The objective of this memorandum is to provide background information about Mrs. Adetola to assist the Court in formulating a just sentence.

On or about October 24, 2018, Mrs. Adetola was arrested in Georgia on a 1988 indictment charging multiple counts of Conspiracy to Commit Bank Fraud and related crimes. Mrs. Adetola was held in custody and transported to the Southern District of New York (SDNY). She arrived in the SDNY on or about December 6, 2018.

At the initial appearance before the Magistrate Court, Mrs. Adetola consented to her detention. On December 11, 2018, a detention hearing was conducted before the Magistrate Court and Mrs. Adetola was released subject to electronic monitoring and related conditions. She has complied with all conditions of her release.

On December 18, 2018, Mrs. Adetola appeared before this Court for her first status conference. Mrs. Adetola informed the Court that she will make a formal submission to the Government for the purposes of reaching an expeditious resolution. The case was adjourned to February for possible disposition of the case.

On January 13, 2019, Mrs. Adetola delivered a formal submission to the Government recommending deferred prosecution or, alternatively, a misdemeanor disposition. *See, Exhibit A with sub-exhibits a-j*. The Government declined deferred prosecution and agreed to a misdemeanor disposition. In a letter dated, February 8, 2019, the Government presented a plea offer for Fraudulent Misuse of Social Security

Numbers pursuant to 42 U.S.C. §1307(a), a Class A misdemeanor, which carries a maximum term of imprisonment of one year, a maximum term of supervised release of one year, a maximum fine of $100,000 or twice the gross pecuniary gain or loss, whichever is greater, and $25 mandatory special assessment. As a result of Mrs. Adetola accepting the plea offer, the Government filed a superseding Information charging a single Count of Fraudulent Misuse Use of Social Security Numbers, under docket number 88 cr 928.

On February 20, 2019, Mrs. Adetola entered her guilty plea to Fraudulent Misuse of Social Security Numbers pursuant to 42 U.S.C. §1307(a), a Class A misdemeanor. Mrs. Adetola admitted to misusing the social security number she received in the name of Biola Sokunle, in order to obtain a Georgia State identification card and driver's license under the name Biola Sokunle, which is not her true name. Mrs. Adetola committed this misdemeanor for the purposes of obtaining employment, facilitating her mobility, and to assist in evading arrest and prosecution on the initial charges in this case.

Pursuant to the plea agreement with the Government, Mrs. Adetola's stipulated advisory sentencing guidelines recommend a 0-6 months sentence of imprisonment with a fine range of $500-$9,500 based upon a Criminal History score of I and Offense Level of 4.

The US Department of Probation filed a Pre-Sentence Investigation Report ("PSR") which is consistent with the advisory sentencing guidelines calculations contained in the plea offer. The Department of Probation recommends a sentence of

3

time served with 1-year supervised release, no fine and $25 mandatory special assessment.

Based upon the submissions of the US Department of Probation, the Government and the information contained herein, Mrs. Adetola requests that this Court impose a sentence of time served and use its discretion pursuant to 18 U.S.C. §3583 to waive the 1 year term of supervised release without the imposition of a fine. The $25 special assessment is mandatory.

The proposed sentence is sufficient, but not greater than necessary, to comply with goals of the advisory sentencing guidelines and the factors set forth in 18 U.S.C. §3553(a). Should the Court impose a term of supervised release, Mrs. Adetola request that she be able to serve her supervised release in the SDNY or EDNY.

## 18 U.S.C. § 3553(a)

In the wake of *United States v. Booker*, 543 U.S. 220 (2005), the Second Circuit in *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), set forth guidance for the imposition of a sentence against a criminal defendant. Honorable Judge Newman explained that district courts should now engage in a three-step sentencing procedure in light of *Booker*. First, the court must determine the applicable Guidelines range. Second, the court should consider whether a departure from the Guidelines range is appropriate. Id. at 112. Third, the court must consider the Guidelines range, "along with all of the factors listed in section 3553(a)" and determine the sentence to be imposed. Id. at 113.

18 U.S.C. § 3553(a) provides that a sentencing court shall impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence in Mrs. Adetola's case should consider the following:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed to
    A. reflect the seriousness of the offense, promote respect for the law and provide just punishment;
    B. provide adequate deterrence;
    C. protect the public from further crimes of the defendant;
    D. effectively provide the defendant with any necessary educational or vocational training or medical care or other correctional treatment;
3. the kinds of sentences available;
4. the kinds of sentence and the sentencing range established;
5. any pertinent policy statement;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and,
7. the need to provide restitution to any victims of the offense.

While 18 U.S.C. § 3553(a) compels a broad consideration of the history and characteristics of the defendant, 18 U.S.C. § 3661 adds that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a

person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence." Furthermore, pursuant to 18 U.S.C 3583(a) & (c), the Court must consider 18 U.S.C. § 3553 when exercising its discretion on whether to impose a term of supervised release and for how long, if any. Ultimately, 18 U.S.C. § 3553(a) instructs the sentencing court to impose a sentence which is sufficient, but not greater than necessary to punish the defendant and prevent the defendant from committing future crimes. A careful balancing of the sentencing objectives along with the unique and individualized facts particular to this case, mitigate in favor of imposing a sentence of time served without imposing a term of supervised release.

The following summarizes the factors relevant in fashioning an appropriate sentence that is sufficient, but not greater than necessary to satisfy the objectives of justice. A more detailed presentation is contained within Exhibit A, sub-exhibits a-j of this submission.

1. **Nature and Circumstances of the Offense and the History and Characteristics of Mrs. Adetola**.

### NATURE AND CIRCUMSTANCES OF THE OFFENSE

In the 1990's Mrs. Adetola obtained a social security card in the name of Biola Sokunle. She chose the name Biola because it was a name her aunt and others called her in Nigeria. She used the name Sokunle because it was her mother's maiden name.

Mrs. Adetola used the social security card to assist with employment and payment of taxes. Mrs. Adetola used the social security card to obtain a Georgia State

identification card and a Georgia driver's license. The use of Biola Sokunle also assisted Mrs. Adetola in evading arrest and prosecution.

As reflected in *Exhibit A,* the criminal conduct that has led to this sentencing proceeding was largely influenced by her husband and other culture dynamics that had a significant impact on her ability to refuse to participate in the conspiracy. *See, also sub-exhibit d.*

## **HISTORY AND CHARACTERISTICS**

Mrs. Adetola is presently 57 years old. The criminal conduct that initially resulted in the filing of indictment 88 cr 928 was committed between 1985 and 1988 when Mrs. Adetola was 23-26 years of age. The criminal conduct committed in the mid-early 90's was motivated by her desire to work, drive, and avoid prosecution.

In the approximately 31 years since the initial indictment was filed, other than the Class A misdemeanor that is the subject of the upcoming sentencing proceedings, Mrs. Adetola has led a law abiding and exemplary life. She has been gainfully employed with multiple medical billing companies. As reflected in *Exhibit A*, Mrs. Adetola consistently received positive certifications and acknowledgements in connection with her employment. *See, sub-exhibits e & f.*

Mr. Adetola has raised 3 adult children who have become assets to their community. They have all submitted letters which are annexed to this sentencing submission. *See, Exhibit A, sub-exhibits b*. In addition to her children, other responsible members of the community have also submitted letters which corroborate

how she chose to live her life over the past 31 years. *See, Exhibit A, sub-exhibit c.*

When Mrs. Adetola was laid off and experienced long-term unemployment, she successfully participated in the Penn Forster Career School. *See, Exhibit A, sub-exhibit h*. Also, while employed and during her extended unemployment, she volunteered and was committed to her church. *See, Exhibit A, sub-exhibits g & i*. She lived a life committed to her own personal redemption through her volunteer work, church service, and personal relationships with friends, family and coworkers.

**2. Need for the Sentence Imposed to:**

**A. Reflect the Seriousness of the Offense, Promote Respect for Law and provide Just Punishment**

The recommended sentence provides just punishment under the unique and individualized circumstances of this case. Mrs. Adetola's misdemeanor conviction is serious because it contributed her ability to evade prosecution, but the decision to commit the misdemeanor crime was primarily motivated by gainful employment and the ability to travel via automobile. Our recommended sentence is just punishment given the unique opportunity to consider her long term post crime conduct which is consistent with a law-abiding lifestyle.

**B. Afford Adequate Deterrence to Criminal Conduct**

Mrs. Adetola is a 57-year-old woman who has demonstrated that her experience of violating the law, its collateral consequences, as well as, recognizing the impact her conduct has had on her and her family is adequate deterrence against future criminal conduct.

8

### C. Protect the Public from further Crimes of the defendant

Mrs. Adetola has demonstrated over the past 31 years that the public does not need protection from further crimes by her. Mrs. Adetola has consistently made law abiding life choices since her criminal conduct occurred. Exhibit A provides a detailed perspective of her life since 1988 and she has been a positive force for her family and community.

### D. The Guidelines Sentencing Range and Guidelines Policy

The Supreme Court decision in *Booker/Fanfan* requires sentencing courts to treat the Guidelines as just one of several sentencing factors set forth in 18 U.S.C § 3553(a). The Supreme Court held, that the now revised Sentencing Reform Act (SRA) requires a sentencing court to consider the Guidelines ranges, but it permits the court to tailor the sentence considering other statutory concerns as well. See, *Booker,* 125 S. Ct. at 757.

The issue is what weight should be given to the Guidelines. That question was left unresolved by *Booker/Fanfan* and by *Crosby's* direction to district judges to consider the Guidelines. The Guidelines are entitled to weight no greater than that afforded to the other factors listed in 18 U.S.C. § 3553(a). Any approach that automatically gives heavy weight to the Guidelines range "comes perilously close to the mandatory regime found to be unconstitutionally infirm in *Booker*." *US v. Jaber*, 362 F.Supp.2d 365, 271 (D Mass 2005). The SRA does not state the weight that the Court should give to the Guidelines in calculating the appropriate sentence. In *Crosby*, the

2nd Circuit declined to rule on this question, rather it said it would "permit the concept of consideration in the contests of the applicable Guidelines range to evolve as district judges faithfully perform their statutory duties". See, *Crosby,* 397 F.3d at 113.

The sentencing guidelines recommend 0-6 months. Both Probation and Mrs. Adetola recommend that she receive time served. The travel from Georgia to New York was arduous and, the loss of liberty from October 24, 2018 thru December 11, 2018 is sufficient, but not greater than necessary to reach a fair and just resolution.

3. **The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

A sentence of time served without the imposition of supervised release for Mrs. Adetola would not create a sentencing disparity among similarly situated defendants. In fact, it would be difficult to find another defendant that pleaded guilty to a Class A misdemeanor, who also had 3 decades of law-abiding conduct with no prior convictions since the commission of the crime that has received a more severe sentence.

Mrs. Adetola's husband, who was also the co-defendant prior to the filing of the superseding Information, is significantly more criminally culpable for the criminal conduct that brings us before this Court. He was convicted of the Conspiracy to Commit Bank Fraud and he received a sentence from this Court of time served with supervised release. Due to his violation of supervised release and other circumstances, he has been deported back to Nigeria.

Mrs. Adetola's recommended sentence will not result in an unwarranted sentencing disparity. It is not unusual for defendants without any criminal record who

are convicted of non-violent misdemeanors to receive a similar or lesser sentence than recommended by Mrs. Adetola.

## CONCLUSION

18 U.S.C. § 3553(a) requires courts to impose a sentence "sufficient, but not greater than necessary" to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training. All these sentencing objectives can be attained by imposing a sentence of time served. A sentence of time served without any supervised release, would be sufficient punishment for Mrs. Adetola. It is time for Mrs. Adetola to return to her family in Georgia to continue her journey of redemption without the burden of supervised release or probation.

Mrs. Adetola apologizes to the Court and her family for her criminal conduct and promises to continue leading a law-abiding lifestyle in furtherance of her own redemption. Thank you for your thoughtful consideration.

Dated: June 3, 2019              *Jason E. Foy*

---

**JASON E. FOY (JF5839)**
**Attorney for Defendant Adetola**

Cc:   AUSA David Raymond Lewis
      Atinuke Adetola